IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH ANN MOODY<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL ELECTRONIC WARRANTY,<br><br><br><br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 3:11-CV-106<br>) JUDGE KIM R. GIBSON<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER OF COURT

### I. SYNOPSIS

This matter comes before the Court on Defendant's Motion to Dismiss (Doc. No. 15) pursuant to Federal Rule of Civil Procedure 12(b)(5). Plaintiff has not filed any response to Defendant's motion. For the reasons that follow, the motion is **GRANTED**.

### II. JURISDICTION AND VENUE

Jurisdiction is proper in the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1331, *et seq.*, and pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Venue is proper under 28 U.S.C. § 1391(b).

1

### III. BACKGROUND

Plaintiff commenced this action against Defendant, National Electric Warranty ("NEW"), by filing a Complaint in the U.S. District Court for the Eastern District of Pennsylvania on December 13, 2010. (Doc. No. 1). The case was subsequently transferred to the Western District of Pennsylvania on April 28, 2011 (Doc. No. 8). Plaintiff then filed an Amended Statement on August 30, 2011. (Doc. No. 9). Plaintiff attempted service of process on NEW, which was noted in the proof of service as being "issued through certified mail." (Doc. No. 11). Plaintiff's January 5, 2012 filing includes a letter from Plaintiff, dated December 28, 2011, stating that Plaintiff had served NEW via certified mail on September 14, 2011. (*Id.*). It also contains a return receipt that is signed, but does not have a printed name or date. (*Id.*). This Court then issued an order directing Plaintiff to make service upon NEW by January 20, 2012, or the case would be dismissed absent Plaintiff showing cause in the matter. (Doc. No. 10). In response, Plaintiff filed a proof of service on January 26, 2012 stating she had served Defendant by certified mail. (Doc. No. 12). Plaintiff subsequently filed a motion for default judgment against NEW on May 2, 2012. (Doc. No. 14). This Court issued an order denying Plaintiff's motion. (Doc. No. 17). At the same time, Defendant filed this instant motion to dismiss for insufficient service of process (Doc. No. 15) and brief in support of its motion (Doc. No. 16). The matter is now ripe for determination.

### IV. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(5) enables a court to dismiss a case for "insufficient of service of process." FED. R. CIV. P. 12(b)(5). The United States Supreme Court has instructed that "before a federal court may exercise personal jurisdiction over a defendant,

the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). When an objection to proper service of process is made, it has been noted "that the party making the service has the burden of demonstrating its validity." *Sampath v. Concurrent Technologies Corp.*, 227 F.R.D. 339, 402 (W.D. Pa. 2005) (citing *Suegart v. U.S. Customs Service*, 180 F.R.D. 276, 278 (E.D. Pa. 1998) (internal quotations omitted); see also *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476 (3d Cir. 1993).

When assessing the sufficiency of service of process, the Federal Rules draw a distinction between service of process for individuals and service of process for corporations. See FED. R. CIV. P. 4(e) and 4(h). Under Rule 4(e), there are two alternatives a plaintiff can use to effectuate proper service of process. The first allows for personal service by either "delivering a copy of the summons and of the complaint to the individual personally," by leaving a copy of both the summons and the complaint at the person's "dwelling or usual place of abode with someone of suitable age and discretion who resides there," or, by delivering copy of the summons and complaint to an authorized agent. FED. R. CIV. P. 4(e)(2)(A)-(C). Alternatively, Rule 4(e) authorizes a plaintiff to effectuate proper service of process by following proper state law. Specifically, service of process may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).

On the other hand, service of process upon a corporation, partnership, or association is governed by Rule 4(h). The rule provides that service of process upon such entities "must be served (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general

3

agent, or any other agent authorized ...." FED. R. CIV. P. 4(h)(1)(A)-(B). Thus, service of process upon a corporation can be made either under relevant state law requirements or by delivery upon an authorized agent.

Under the state law method, Pennsylvania Rule of Civil Procedure 424 provides that:

> service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons, provided the person served is not a plaintiff in the action:

(1) an executive officer, partner or trustee of the corporation or similar entity, or

(2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or

(3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

*Note*: Substitute service pursuant to Rule 402(a)(2) upon a corporation or similar entity is not permitted by this rule.

Pa. R. Civ. P. 424. Thus, under Pennsylvania law, proper service of process upon a corporation may be effectuated when a plaintiff hands a copy of the summons and the complaint to an officer or managing or general agent of the corporation. It should also be noted that "proper service cannot be effected through the postal system, including certified mail." *Sampath*, 227 F.R.D. at 402. Additionally, service upon the defendant must be made within 120 days of filing the plaintiff's complaint. FED. R. CIV. P. 4(m). Absent a showing of good cause, the court "must dismiss the action without prejudice against that defendant ...." *Id.* As such, the Court will review the Defendant's motion based upon the above standards.

## V. DISCUSSION

In its motion, Defendant makes two arguments. First, that Plaintiff did not comply with Rule 4(h)(1)(A) because she did not effectuate service in accordance with Pennsylvania law. Second, Plaintiff's service by certified mail is also insufficient under Rule 4(h)(1)(B) because its purported delivery was by certified mail and not delivered personally. The Court finds that Plaintiff did not properly serve NEW with the summons and complaint under either Rule 4(h)(1)(A) or Rule 4(h)(1)(B). Each argument will be addressed in turn.

### a. Compliance with Rule 4(h)(1)(A)

As to the first argument that Plaintiff's service of process was inadequate under the requirements of Pennsylvania law, Defendant contends "Plaintiff's purported service of process upon NEW by certified mail is ineffective ... because Rule 424 of the Pennsylvania Rules of Civil Procedure expressly requires personal service ... by way of hand delivery and does not permit service by any form of mail." As discussed above, under the standard elicited from *Sampath*, hand delivery is the only form of proper service upon a corporation under Pennsylvania law, and any attempt at utilizing the postal service for such purposes is insufficient to meet proper service requirements. See *Sampath*, 227 F.R.D. at 402.

Here, the record indicates that Plaintiff originally attempted service of process upon NEW by certified mail. (Doc. Nos. 11, 12). On September 21, 2011, Plaintiff alleges she sent the summons and complaint to NEW as indicated by a United States Postal Service Certified Mail Receipt. (Doc. No. 11 at 3). Plaintiff also provided a copy of a tracking inquiry of the mailing, which indicated that the items were delivered to its recipient on September 14, 2011. (Doc. No. 11 at 4). Even further, after this Court issued an order indicating it would dismiss the case for failure to make service upon Defendant within 120 days pursuant to Rule 4(m), Plaintiff

filed a proof of service indicating the summons was issued by certified mail in September of 2011. (Doc. No. 12).

While Plaintiff's allegations that she sent Defendant a copy of the summons and complaint by certified mail may be true as according to her filings, what is at issue is the method by which she served Defendant. As stated above, under Rule 4(h)(1)(A) and rule 4(e)(1), service upon a corporation must be achieved in accordance with Pennsylvania law, which provides only for hand delivery of the summons and complaint as proper service of process upon the Defendant-corporation. Here, it is clear from the record that Plaintiff attempted to effectuate service of process through certified mail. This is not the same as hand delivery by the Plaintiff. In order for the Plaintiff to have properly served NEW in this case, she was required to personally deliver, by hand, a copy of the summons and complaint to an agent of the corporation, be it an officer, director, or managing employee. This simply did not occur here under these facts, and as such Plaintiff has failed to sufficiently meet her burden of proper service of process under Federal Rule of Civil Procedure 4(h)(1)(A).

### a. Compliance with Rule 4(h)(1)(B)

Similarly, Defendant argues that Plaintiff also did not properly serve NEW under the requirements of Rule 4(h)(1)(B). For proper service upon a corporation under Rule 4(h)(1)(B), delivery must be made upon an officer or an authorized agent of the corporation, as stated above. As for whether certified mail can properly satisfy this requirement, sister courts in this Circuit have found that certified mail delivery is insufficient to satisfy these requirements. See *Resh v. Brosnac*, 2012 WL 1114583 (E.D. Pa. 2012) at *2 (finding that "[f]or service to be proper under Rule 4(h)(1)(b), [sic] the summons and complaint must be delivered personally, rather than by mail."). Here, the record clearly shows that Plaintiff attempted to serve NEW by certified mail,

rather than through personal service. Such an insufficient attempt to provide Defendant with the summons and complaint failed to meet the requirements set out in Rule 4(h)(1)(B), and because so this Court finds that Plaintiff did not sufficiently effectuate proper service upon NEW.

Failing to meet either of the service requirements under Rule 4(h)(1)(A) or Rule 4(h)(1)(B), the Court finds that there was insufficient service of process and will accordingly grant Defendant's Motion to Dismiss pursuant to Rule 12(b)(5).

## VI. CONCLUSION

For the above-stated reasons, the Court finds that Plaintiff has failed to sufficiently serve process upon the Defendant, and will accordingly GRANT Defendant's instant motion (Doc. No. 15). An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH ANN MOODY, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL ELECTRONIC WARRANTY, <br><br> Defendant. | ) ) ) ) ) ) ) CIVIL ACTION NO. 3:11-CV-106 ) JUDGE KIM R. GIBSON ) ) ) ) ) ) ) ) ) |

## MEMORANDUM OPINION AND ORDER OF COURT

**AND NOW**, this 17th day of October 2012, this matter coming before the Court on Defendants' motion to dismiss (Doc. No. 15) pursuant to Federal Rule of Civil Procedure 12(b)(5), and in accordance with the Memorandum, **IT IS HEREBY ORDERED** that the motion is **GRANTED**.

BY THE COURT:

*[signature]*

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**